1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

                        Plaintiff,

v.

DONALD C. SUKIN,

                        Defendant.

CASE NO. CR16-5304

ORDER GRANTING THE
GOVERNMENT'S MOTION TO
FILE OVER-LENGTH BRIEF
ADOPTING R&R IN PART,
SETTING PLEA HEARING, AND
DEFERRING RULING ON PLEA
AGREEMENT

This matter comes before the Court on the Report and Recommendation ("R&R")

of the Honorable J. Richard Creatura, United States Magistrate Judge (Dkt. 26), and the

Government's objections to the R&R (Dkt. 28).

**I. PROCEDURAL AND FACTUAL BACKGROUND**

On June 29, 2016, the Government filed an indictment against Defendant Donald

C. Sukin ("Sukin") charging Sukin with eight counts of wire fraud in violation of 18

U.S.C. § 1343.  Dkt. 1.

On January 6, 2016, the parties filed a plea agreement.  Dkt. 19.  In relevant part,

the plea agreement provides that (1) "[t]he government agrees to move to dismiss any

remaining counts at the time of sentencing.", *Id.* ¶ 1(a), (2) "[t]he government agrees to recommend a total term of imprisonment for Counts of 1-8 no higher than the low-end of the advisory Guidelines range calculated by the Court at the time of sentencing." *Id.* ¶ 11, (3) the Government "agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Agreement that are based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation.", *Id.* ¶12, (4) if "the court imposes a custodial sentence that is within or below the Sentencing Guidelines range . . . as determined by the court at the time of sentencing, Defendant waives [his right] to challenge, on direct appeal, the sentence imposed by the court . . .", *Id.* ¶14, and (5) "If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking . . . [the] sentence in any way, the United States may prosecute Defendant for any counts . . . that were dismissed or not charged pursuant to this Plea Agreement." *Id.* Later that day, Judge Creatura held a change of plea hearing wherein Sukin plead guilty to counts one through eight. Dkt. 20. Judge Creatura took the plea under advisement and informed the parties that he would draft an R&R for the Court. *Id.*

On January 19, 2017, Judge Creatura issued a memorandum outlining his preliminary conclusions regarding Sukin's plea and the plea agreement. Dkt. 22. Judge Creatura expressed concern that, in the plea agreement, Sukin waived his right to appeal the Court's future determination of the sentencing guideline factors without "a sufficient quantum of information" regarding how the factors may ultimately be decided. *Id.* at 2. Thus, Judge Creatura informed the parties that he was considering recommending that the

1 | Court "defer his decision to accept or reject the plea and the plea agreement until a date
2 | certain after the completion of the presentence report . . . ." *Id*.

3 | On January 24, 2017, the Government responded.  Dkt. 24.  The Government
4 | contended that binding authority mandated that the Court accept the plea and, based on
5 | the type of plea agreement, the Court was without authority to reject it.  *Id*.

6 | On January 25, 2017, Judge Creatura held another hearing and heard argument
7 | from the parties as well as the probation officer.  Dkt. 25.

8 | On January 30, 2017, Judge Creatura issued the R&R recommending that the
9 | Court defer acceptance of the guilty plea and plea agreement.  Dkt. 26.  On February 14,
10 | 2017, the Government filed a motion for over-length brief and objections consistent with
11 | its earlier response.  Dkts. 27, 28.[1]  Sukin neither objected to the R&R nor responded to
12 | the Government's objections.

## II. DISCUSSION

**A.    Standard**

15 | The district judge must determine de novo any part of the magistrate judge's
16 | disposition that has been properly objected to. The district judge may accept, reject, or
17 | modify the recommended disposition; receive further evidence; or return the matter to the
18 | magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

---

[1] Even though the motion and the format of the objections violate the local rules, the Court grants the motion for over-length brief because Sukin is not prejudiced by the additional verbiage.  *See* Local Rules, W.D. Wash. LCR 7(f) (motion for over-length brief), 10(e)(1) (margins and fonts).

**B.     Plea**

Federal Rule of Criminal Procedure 11(b) governs the consideration and acceptance of a guilty plea.  Rule 11(b) "lists various requirements that must be met '[b]efore the court accepts a plea of guilty,' without giving judges the option of rejecting a plea once these requirements are satisfied."  *In re Vasquez-Ramirez*, 443 F.3d 692, 695 (9th Cir. 2006) (quoting Fed. R. Crim P. 11(b)(1)) (footnote omitted).  Subsection (1) requires the Court to "inform the defendant of" certain matters and "determine that the defendant understands" those matters.  Fed. R. Crim P. 11(b)(1).  Subsection (2) requires the Court to ensure that "the plea is voluntary and did not result from force, threats, or promises (other than promises in a plea agreement)."  Fed. R. Crim P. 11(b)(2).  Subsection (3) requires that a factual basis exists for the plea.  Fed. R. Crim P. 11(b)(3).

In this case, Judge Creatura took issue with the voluntariness of Sukin's plea.  Specifically, he found "that all of the requirements of Fed. R. Crim. P. 11(b)(1) have been met and that there is a factual basis to accept the plea under Fed. R. Crim. P. 11(b)(3)," but stated an outstanding issue remained "whether Sukin's plea [was] 'voluntary' under Fed. R. Crim. P. 11(b)(2) . . . ."  Dkt. 26 at 7.  Because of this outstanding issue, he recommended deferring accepting the plea until Sukin could review the presentence report.  *Id*. at 2.  While the Court appreciates Judge Creatura's concern regarding whether Sukin voluntarily entered into a plea waiving his right to appeal subsequent guideline calculations without sufficient knowledge of those calculations, the law of the Circuit is inconsistent with this approach.

1    In *Brady v. United States*, 397 U.S. 742 (1970) the Supreme Court stated that

2  guilty pleas "not only must be voluntary but must be knowing, intelligent acts done with

3  sufficient awareness of the relevant circumstances and likely consequences." *Id.* at 748.

4  Although the Court is unable to find any authority directly on point, it seems that Rule

5  11(b) encompasses this mandate by requiring a knowing and intelligent act in subsection

6  (b)(1) and requiring a voluntary act in subsection (b)(2).  For example, knowing is related

7  to "inform[ing] the defendant of" and intelligent is related to "determin[ing] that the

8  defendant understands."  Accordingly, if a court finds that the requirements of Rule

9  11(b)(1) have been met, then the court would necessarily find that the defendant has at

10  least entered into a knowing and intelligent plea.  Applying that principle to this case, the

11  Court is unable to accept the recommendation that the Rule 11(b)(1) requirements have

12  been met, despite Sukin lacking some requisite knowledge regarding his potential term of

13  imprisonment.

14    Even more important, the Court is unable to accept a plea via the R&R when the

15  voluntariness of the plea is in doubt.  While the record appears to show that Sukin wants

16  to enter into a deal with the Government, it is difficult to find that Sukin voluntarily

17  entered into this plea when the R&R states there is an outstanding issue with this

18  requirement.  The more prudent course of action is to more fully develop the record on

19  this issue instead of accepting a guilty plea over Judge Creatura's recommendation to

20  defer ruling.

21    Regarding the law of accepting a plea, binding authority mandates that the Court

22  has no discretion to reject a plea once the Rule 11(b) requirements have been met.

1    Indeed, "the act of 'accepting' a tendered guilty plea is non-discretionary once the Rule

2    11(b) requirements are met. A tendered guilty plea that meets the Rule 11(b)

3    requirements is effectively the same as a guilty plea that has been accepted, even if the

4    judge doesn't formally 'accept' the plea until later." *In re Vasquez-Ramirez*, 443 at 696.

5    Therefore, when the Court finds that all Rule 11(b) requirements have been met, the

6    Court will accept Sukin's plea.  The Court is unable to do so based on the current record

7    and will schedule an additional hearing.

8    **C.    Plea Agreement**

9          Federal Rule of Criminal Procedure 11(c) governs the consideration and

10   acceptance of plea agreements.  An agreement under Rule 11(c)(1)(A) provides that the

11   Government will "not bring, or will move to dismiss, other charges . . . ."  If the parties

12   enter into this type of agreement, "the court may accept the agreement, reject it, or defer a

13   decision until the court has reviewed the presentence report."  Fed. R. Civ. P.

14   11(c)(3)(A).  On the other hand, an agreement under Rule 11(c)(1)(B) provides that the

15   Government will "recommend, or agree not to oppose the defendant's request, that a

16   particular sentence or sentencing range is appropriate or that a particular provision of the

17   Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply . .

18   . ."  If the parties enter into this type of agreement, "the court must advise the defendant

19   that the defendant has no right to withdraw the plea if the court does not follow the

20   recommendation or request."  Fed. R. Civ. P. 11(c)(3)(B).

21         In this case, Judge Creatura found that the plea agreement was a Rule 11(c)(1)(A)

22   agreement and recommended that the Court defer accepting the plea agreement.  Dkt. 26

at 14.  The Government objects to this finding and recommendation.  Dkt. 28 at 13.  The

Government contends that the agreement specifically states that it is a Rule 11(c)(1)(B)

agreement and that the "standard plea agreement language" referring to the dismissal of

charges "did not convert this agreement into a Rule 11 (c)(1)(A) . . . ."  Dkt. 28 at 13.

While this argument is convenient for the Government's position, it fails to provide any

authority for such a proposition.  Rule 11(c)(3) governs the Court's consideration of the

plea agreement and includes the phrase "[t]o the extent the plea agreement *is of the type*

specified," but does not provide additional guidance on what that phrase means.

Moreover, the statute does not address whether an agreement "is of the type" of both a

Rule 11(c)(1)(A) and Rule 11(c)(1)(B) agreement.  If the rule is ambiguous, then it seems

that Sukin is entitled to the protections afforded a Rule 11(c)(1)(A) agreement.  *See*

*United States v. Santos,* 553 U.S. 507, 514 (2008) ("Under a long line of our decisions,

the tie must go to the defendant. The rule of lenity requires ambiguous criminal laws to

be interpreted in favor of the defendants subjected to them.").  Regardless, the Court

agrees with Judge Creatura's recommendation to defer ruling on this issue until the

presentence report is filed.  Dkt. 26 at 15–16 ("guilty pleas can be accepted while plea

agreements are deferred, and the acceptance of the two can be separated in time") (citing

*United States v. Hyde*, 520 U.S. 670, 674 (1997)).  Accordingly, the Court adopts the

R&R on this issue.

### III. ORDER

Therefore, the Court having considered the R&R, the Government's objections,

and the remaining record, does hereby find and order as follows:

1    (1)    The Government's motion to file an over-length brief is **GRANTED**;

2    (2)    The R&R is **ADOPTED in part**;

3    (3)    The parties shall work with the Clerk to set a plea hearing; and

4    (4)    The Court **DEFERS** ruling on the parties' plea agreement.

5    Dated this 9th day of March, 2017.

6
7    _____
8    BENJAMIN H. SETTLE
     United States District Judge

9
10
11
12
13
14
15
16
17
18
19
20
21
22